

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

Honorable J. N. Bauldwin
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

                    Opinion No. O-5535
                    Re:  Interpretation of Senate
                         Bill No. 43, para. 2, Sec-
                         tion 2a, 48th Legislature.

        This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department upon the
above stated subject. We quote in part from your letter as
follows:

        "I would like to have your interpretation of a
    portion of S. B. No. 43, Acts of the 48th Legisla-
    ture - paragraph 2 of Sec. 2a, which reads as fol-
    lows:

        "'But this prima facie presumption shall extend
    only to the first note or debt owing at the same
    time by an individual to any person, firm, corpora-
    tion, partnership or association and shall not apply
    to any renewal or extension thereof unless the ori-
    ginal note or debt and all extensions thereof were
    for a period of not less than sixty (60) days.'

        "The portion underlined is the part that I am
    unable to figure out the meaning of.

        "It seems to me that in administering the law,
    it will become a very important matter to determine
    how to apply the presumption as to the actual and
    necessary expenses of making a loan, especially so,
    when a person has two or three or possibly more
    debts or notes, owing and running at the same time.

        ". . . . ."

Honorable J. M. Bauldwin, page 2

The prima facie presumption referred to in paragraph 2 of Section 2a of said Senate Bill pertains to the actual and necessary expenses incurred by the lender in making a loan. The bill provides that in a trial for an injunction under the provisions of this Act there exists a prima facie presumption that the actual and necessary expenses of making any loan was One Dollar ($1.00) for each Fifty Dollars ($50.00), or fractional part thereof, loaned.

As we interpret the above quoted portion of Senate Bill 43, as same appears in your request, this prima facie presumption, the nature of which is explained above, applies only to the first note or debt owing by a person to a lender when there are several obligations or notes existing between the parties at the same time. This prima facie presumption will not extend to the renewal or extension of this first note or debt unless it and all extensions thereof are each for a period of not less than sixty days. In other words, if there is existing an outstanding note or debt between the borrower and the lender at the time a loan is made, this prima facie presumption does not apply to this latter loan. The prima facie presumption as to the actual and necessary expenses incurred in making a loan extends only to such note or debt made at a time when there are no current outstanding obligations between the parties, and to the extension and renewal thereof when such note or debt and all extensions are each for a period of sixty days or more.

We trust the foregoing fully answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_
Fred C. Chandler
Assistant

By _Robert O. Koch_
Robert O. Koch

APPROVED SEP 2, 1943

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

ROK:db


APPROVED
OPINION